## HEINLEN, Respondent, v. MARTIN, Appellant.*

### No. 4150; July 17, 1876.

**Ejectment.—Actions Other Than Those Technically of Eject-ment** can be brought for the recovery of the possession of real estate.

**Pleading—Surplusage.—Words in a Complaint Putting a False Construction** upon a power of attorney copied at length in the same complaint are to be treated as surplusage.

**Evidence—Testimony at Former Trial.**—When a witness is disabled by sickness from attending a trial, his deposition, taken previously in another case after due notice to the opposing side, may, if otherwise competent and material, be read at such trial, if in the other case, even though it was entitled as between other parties, the same parties were litigants against each other and the same subject matter was involved.

**Power of Attorney—Proof of Original in Foreign Record.**— When an original power of attorney is a foreign record in a foreign country, an exemplified or sworn copy is admissible in evidence.

**Power of Attorney—Execution and Record in Foreign Country.** When under the laws of a foreign country the constituting of one person to be the attorney in fact of another is effected, not by the execution of a paper and the manual transfer of it by the first person, but rather by a declaration by him to a notary in words which the notary then writes in his presence into a book of public record, he subscribing the writing, a copy of which is thereupon given the attorney thus made, any objection that there is indicated here no delivery from the donor to the donee is met by the fact that the document becomes by the executing it beyond its signer's control, which fact is to be taken with that of the delivery to the notary and the plain intention implied from all the circumstances that the parties regarded the transaction as complete.

**Power of Attorney by Married Woman to Sell Land.**—A power of attorney to sign, seal and deliver deeds of real estate in California owned by a married woman is without legal effect if not executed and acknowledged by her according to the laws of the state prevailing at the time of its date.

APPEAL from Third Judicial District, Santa Clara County.

T. E. Spencer and Wm. Matthews for respondent; Hough-ton & Reynolds for appellant.

*For subsequent opinion, see 53 Cal. 321; 59 Cal. 181.

CROCKETT, J.—It is urged by the defendants that the action is ejectment and that they were entitled to a trial by jury. But the point is not well taken. The plaintiff deraigns his title through the power of attorney to Camarena, a copy of which is annexed to and made a part of the complaint. This instrument was not under seal, and was therefore insufficient to authorize a conveyance of the legal title. If the pleader in the complaint put a false construction on the power of attorney, this will be rejected as surplusage, as the error appears on the face of the instrument which forms a part of the complaint: Stoddard v. Treadwell, 26 Cal. 302. But taking the whole complaint together, we do not understand it as asserting that the legal title was in the plaintiff. On the contrary, its obvious purpose was to have the defendants declared to be trustees, holding the legal title for the use of the plaintiff, and to compel a conveyance, with a delivery of the possession and an accounting for the rents and profits. The cause of action stated in the complaint is one of purely equitable cognizance.

Nor did the court err in admitting in evidence the two depositions of Melone. The evidence was material and competent, and it was admitted that the witness was disabled by sickness from attending at the trial. His deposition entitled as having been taken in the case of Senter v. Bernal was taken in a proceeding to which the present plaintiff and defendants were contesting parties, and related to the same subject matter which is in controversy in this action. Both depositions were taken upon due notice to these defendants, and no objection is made to the manner of taking or authenticating them. We discover no ground on which they could have been properly excluded.

One of the points relied upon by the defendants is, that the power of attorney to Camarena did not authorize him to appoint a substitute in respect to the sale and conveyance of the land in controversy. But the point is not tenable. The power of substitution contained in the instrument is coextensive with the power conferred on the attorney himself.

The most important question in the case is that which relates to the execution, delivery and authentication of the power of attorney to Camarena and his substitution of Splivalo. Each of these instruments was executed in the repub-

lic of Mexico before a notary public, in the method which is usually observed in countries where the civil law prevails. The parties appeared before the notary and made a declaration of the specific powers which they intended to confer upon the attorney. The declaration was reduced to writing by the notary in a book kept by him as an official record for that purpose, and when completed was signed by the parties and attested by the notary and two witnesses. A copy or duplicate was then made by the notary, who attested in his official capacity. This official copy was delivered to the attorney, and it was this which was offered in evidence at the trial as an examined copy, proof having been adduced to show that it had been compared with the original in the official record and was correct. The execution of the original was also proved by one or more of the subscribing witnesses.

It is objected that the copy offered in evidence was inadmissible, because, first, it was secondary and not primary evidence; and, second, there was no delivery of the original. On the first point it will suffice to say that the copy was the best evidence which it was in the power of the plaintiff to produce. The original was a public record in a foreign country, and there can be no presumption that it would be permitted to be withdrawn for the purpose of being used as evidence in another country. A contrary presumption would be more reasonable, and more in accordance with international usages. Foreign records are invariably proved by properly exemplified or sworn copies. On the question of delivery, the proof was sufficient. The document was no longer within the power or under the control of the parties who executed it, and the delivery to the notary, with the intention necessarily implied from all the circumstances that the parties understood the transaction as completed, was, in legal effect, a delivery to the attorney.

But it appears on the face of the power of attorney that Josefa Ballardi Arguello de Camarena, one of the persons who executed it, was at the time a married woman and her husband did not unite in the instrument, nor was she examined separately and apart. Under our statutes then in force a married woman could not execute a valid power of attorney for the sale or conveyance of her separate real estate unless her husband united in the conveyance, and unless she was examined by the

officer separately and apart from her husband and on such examination admitted that she executed the same freely and voluntarily, without fear or compulsion or under influence of her husband, and that she does not wish to retract the execution of the same: Stats. 1862, p. 518; 1863, p. 165; 1850, p. 251. As to this married woman, the power of attorney was void and conferred no authority on Camarena or his substitute to convey her interest in the land.

It follows that the judgment of the court below is erroneous, in so far as it determines that the plaintiff acquired an equitable title to her interest or any portion of it, and must be modified in this particular. But we discover no other error in the record, and deem it unnecessary to notice the other points discussed by counsel.

Judgment and order affirmed except in the particular above stated, and as to that the judgment is reversed and the cause remanded, with an order to the court below to modify the judgment in accordance with this opinion.

We concur: Rhodes, J.; Niles, J.; McKinstry, J.

Wallace, C. J., being disqualified, did not sit in this cause.